**GOVERNMENT OF THE VIRGIN ISLANDS**
**v.**
**HIPOLITO RIVERA SOLIS, Appellant**

No. 14,624
United States Court of Appeals
Third Circuit

Argued January 29, 1964
Decided June 24, 1964

616

WILLIAM J. BUTLER, JR., ESQ., Christiansted, St. Croix, Virgin Islands, *for appellant*

ALMERIC L. CHRISTIAN, United States Attorney, Charlotte Amalie, St. Thomas, Virgin Islands, *for appellee*

Before MARIS, STALEY, and ALDRICH, *Circuit Judges*

STALEY, *Circuit Judge*

The appellant, together with his brother, was tried and convicted of first degree murder in the District Court of the Virgin Islands. His appeal from a mandatory sentence of life imprisonment challenges the admission into evidence of a confession elicited from him during the period between the time he was taken into custody for questioning and his appearance before a judicial officer for a preliminary examination.

The body of the deceased was discovered in his home in the Christiansted country district of St. Croix during the early morning hours of February 4, 1962. The condition of the victim indicated that he had been subjected to a brutal attack and beating which resulted in his death. Police investigation failed to disclose responsibility for the crime. However, about one year later a woman claiming to be the common law wife of appellant's brother informed the police that on the night of the homicide the latter had

told her that he and appellant were responsible for it. Based upon this information and lacking a warrant of arrest, two police officers were sent to the home of appellant on January 31, 1963. As stated in the brief of the Government, the officers "asked him to come with them to Headquarters in order that they might question him. He willingly complied."

At the trial the police officer in charge of the investigation testified that appellant arrived at headquarters in the presence of the two officers at 6:05 P.M. The officer further stated that appellant was questioned in the presence of himself and three other policemen in a room at headquarters until 7:15 P.M., and was then taken to Richmond penitentiary to stay overnight. The following day, February 1, 1963, he was returned to headquarters at 10:00 A.M., and, again according to the officer in charge, was questioned for fifteen minutes before lunch. The interrogation resumed at 5:00 P.M. for an hour and a half to two hours. During this latter period of questioning, one of the police officers recorded in longhand a statement of appellant in which he confessed responsibility for the homicide. The statement was written in Spanish as appellant could neither read nor write nor speak English. The officer testified that the statement was completed at 7:00 P.M., February 1, 1963, and was then signed by appellant who also initialed each page of it.

It was only after he signed the incriminating statement that appellant was formally placed under arrest. A complaint charging him with murder in the first degree, dated February 2, 1963, was filed in the Municipal Court of St. Croix on February 4, 1963. It was not until 3:00 P.M. on February 4, approximately 93 hours after he was first taken to police headquarters for questioning, that appellant first appeared before the Municipal Court for a preliminary examination.[1]

[1] The record discloses that this hearing was delayed by the Municipal Court in order to contact counsel to represent appellant. Actually the preliminary examination did not take place until March 11, 1963.

Appellant preserved his objection to the admissibility of the incriminating statement at each of the appropriate stages in this criminal proceeding. While not completely disavowing a theory of involuntary confession his argument in this court is premised on Rule 5 of the Federal Rules of Criminal Procedure requiring that an arrested person be taken "without unnecessary delay" before an appropriate judicial officer for a preliminary examination. Of the cases cited interpreting this rule, greatest reliance is placed on Mallory v. United States (1957) 77 S. Ct. 1356, 354 U.S. 449, 1 L.Ed.2d 1479. The Government does not deny that the doctrine of *Mallory* would bar the introduction of the statement of appellant into evidence. It argues, however, that the doctrine is not applicable to the matter sub judice because of "the totally non-federal character of this criminal proceeding." This then is the critical question before us.

■■ In pressing this argument, the Government completely overlooks Rule 54(a)(1) of the Federal Rules of Criminal Procedure which provides in relevant part: "These rules apply *to all criminal proceedings* in the * * * District Court of the Virgin Islands * * *." The Ninth Circuit has noted that this rule made the Federal Rules applicable to all criminal proceedings in the District Court for the Territory of Alaska, including those for the prosecution of a purely local offense. Soper v. United States, 220 F.2d 158, 159 n. 2 (C.A.9,1955).[2] We hold then that the Federal Rules, and particularly Rule 5, are applicable to the case at bar.[3]

At oral argument, the Government intimated that though the Federal Rules might be applicable, the interpretation of those rules by the United States Supreme

[2] Of course, this decision antedated the admission of Alaska into the Union as a state.
[3] We should also point out that Rule 123 of the Rules Governing the Municipal Courts of the Virgin Islands, like Rule 5 of the Federal Rules, requires that an arrested person be taken "without unnecessary delay" for a preliminary examination. 5 V.I.C. App. V, Rule 123.

Court is not binding upon us in this case involving a local crime defined by the Virgin Islands legislature. The distinction is devoid of substance, for the rules cannot be considered in a vacuum but only in the context of the interpretation which has been placed upon them by the courts. And the proper construction of Rule 5 has been supplied in *Mallory* by the very Court which prescribed the rule. We note further that the defendant in *Mallory* was tried in the District Court for the District of Columbia and, like the appellant here, was prosecuted for a local and not a Federal Crime.

 Considerations of logic and policy underlie the requirement that the Federal Rules be applied to all criminal proceedings in the District Court of the Virgin Islands, whether the crime is proscribed by local or Federal law. Certainly, the legislature of the Virgin Islands has authority to define and proscribe criminal offenses. But it must be remembered that the Virgin Islands are an unincorporated territory of the United States of America and the powers of its government are derived from and set forth in the Revised Organic Act of 1954, a Congressional enactment, 48 U.S.C. § 1541 (1958 ed.). Thus, those principles inherent in our Federal system requiring due regard for the procedural safeguards devised by an independent, sovereign state government are wholly irrelevant to the formulation and application of proper procedural standards to be applied "to all criminal proceedings in * * * the District Court of the Virgin Islands." Rule 54a, Fed. R. Crim. P.

 The application of the rule of *Mallory* to the undisputed facts of this case clearly requires a reversal of the judgment of conviction and a remand for a new trial. For in *Mallory* the conviction was reversed though only nine or ten hours had elapsed between the time of apprehension and the dictation of the confession. Moreover, the

620

police there attempted to reach a judicial officer for a preliminary examination just eight hours after apprehension and the suspect was so examined the following morning. In the case at bar some twenty-five hours elapsed between apprehension and the signed statement of the appellant, including overnight confinement in a penitentiary. And, as we have previously seen, appellant was not taken before the Municipal Court for preliminary examination until almost four days after his apprehension.[4]

■ The Government argues further that "where there is sufficient evidence apart from an improperly admitted confession to support a verdict of guilty, the conviction should be upheld on appeal." The argument is wanting in merit. The prejudicial effect of this confession on the minds of the jurors trying this case cannot be gainsaid. Further, assuming *arguendo* that there is sufficient independent evidence of appellant's guilt, the Supreme Court has totally eviscerated this line of argument in a recent case in the following language:

"This case illustrates a particular facet of police utilization of improper methods. While history amply shows that confessions have often been extorted to save law enforcement officials the trouble and effort of obtaining valid and independent evidence, the coercive devices used here were designed to obtain admissions which would incontrovertibly complete a case in which there had already been obtained, by proper investigative efforts, competent evidence sufficient to sustain a conviction. The procedures here are no less constitutionally impermissible, and perhaps more unwarranted because so unnecessary. There is no reasonable or rational basis for claiming that the oppressive and unfair methods utilized were in any way essential to the detection or solution of the crime or to the protection of the public. The claim, so often made in the context of coerced confession cases, that the devices employed by the authorities were

[4] That appellant was not formally placed under arrest until he signed the statement of confession is not significant. His overnight confinement in the Richmond penitentiary makes it manifest that he had been deprived of his liberty by legal authority when he was taken to police headquarters for interrogation. See Black's Law Dictionary (4th ed., 1951), defining "arrest".

requisite to solution of the crime and successful prosecution of the guilty party cannot here be made." Haynes v. Washington, (1963) 83 S.Ct. 1336, 1346, 373 U.S. 503, 519, 10 L. Ed.2d 513. Though that case involved the admission into evidence in a State prosecution of a confession found to be involuntary, its reasoning applies equally to a confession which is inadmissible in a Federal district court because obtained in violation of Rule 5 of the Federal Rules of Criminal Procedure.

The judgment of the district court will be reversed and the cause remanded for a new trial.