**UNITED STATES of America**

v.

**Edward Kenneth SMALL, Jr., et al.**

**Appeal of Samuel Samson ALLEN.**

**No. 19552.**

United States Court of Appeals, Third Circuit.

Argued April 20, 1971.

Decided May 20, 1971.

William J. Brady, Jr., Brady & Flint, Philadelphia, Pa., for appellant.

Charles B. Burr, II, Asst. U. S. Atty., Philadelphia, Pa. (Louis C. Bechtle, U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before SEITZ, ADAMS and ROSENN, Circuit Judges.

OPINION OF THE COURT

ROSENN, Circuit Judge.

This appeal is from the District Court's denial of appellant's motions for a new trial and for acquittal following his conviction by a jury of armed bank

---

robbery and conspiracy.[1] Appellant was tried alone.

One of the Government's chief witnesses was Edward Kenneth Small, Jr., an alleged accomplice, who had pled guilty and been sentenced prior to appellant's trial. According to the Government, it was Small and appellant who had committed the robbery on February 11, 1969.[2] Small's testimony was central to the Government's case, since appellant had allegedly worn a ski mask during the robbery and no other witness was able to place him at the scene.

During Small's direct examination, the prosecutor alluded extensively to a written statement implicating appellant which Small had given to the FBI on January 18, 1970. Small referred to it several times. Upon inquiry by the Court following redirect examination, however, Small completely repudiated the statement.[3] Nevertheless, the statement was admitted into evidence at the conclusion of the Government's case in chief, and was submitted to the jury as substantive evidence of the facts asserted therein.[4]

At trial, the Government urged the substantive use of Small's statement on the basis of California v. Green, 399 U. S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970). In this Court, the Government has rightly abandoned its position that Green is controlling[5] and has instead argued from a policy point of view: "The substantive use of a prior inconsistent statement was properly permitted because the dangers against which the hearsay rule is designed to protect are largely non-existent where the witness testifies at trial."

The Government's view has received much support from scholars and

---

1. Appellant was convicted on two counts charging violations of 18 U.S.C. § 2113 (a), one count charging a violation of 18 U.S.C. § 2113(b), one charging a violation of 18 U.S.C. § 2113(d) and one conspiracy count (18 U.S.C. § 371). He was sentenced to fifteen years imprisonment on the § 2113(d) count and five years, to be served concurrently with the fifteen year sentence, on the conspiracy count. Imposition of sentence on the other three counts was suspended.

2. Two others had been indicted for their part in planning the robbery, while a third had been indicted for harboring Small and appellant following the crime.

3. "BY THE COURT:
   Q. * * * Now, will you please tell the Court and the jury whether this is a true statement or whether it isn't.
   A. I don't believe I possibly could, Your Honor, because of the strain I was under.
   Q. That doesn't answer my question. You are not under a strain now.
   A. I can't recall it, no sir.
   Q. Is it true or isn't it?
   A. No.
   Q. No what?
   A. No it is not.
   Q. It is not true?
   A. No.

Q. And you are telling me that this statement submitted to you, which you signed after being advised of your rights, is a complete fabrication?
   A. Yes, sir."

4. The Court charged the jury:
   "The reason I am sending that [statement] out with the jury, although Small himself was here, is because in my opinion his testimony was hazy and was not clear, so that if it is in conflict in any way with what in your opinion he said in the statement, then you will have to resolve in your own minds what you believe. Do you believe what he said in the statement or do you believe what he said on the stand?
   " * * * That is why you will have the statement, and you should and will I am sure determine from his testimony and from his statement what you conclude to be the true facts."

5. Green merely held that a state may (as California has done in Cal.Evid.Code, § 1235) adopt a rule allowing the admission of prior inconsistent statements for proof of the facts asserted therein without running afoul of the Sixth Amendment's confrontation clause. The case expresses no view as to what the federal rule is or ought to be.

commentators[6] and is embodied in the new Proposed Federal Rules of Evidence at Rule 801.[7] The "orthodox" majority view, however, is that "prior self-contradictions are not to be treated as having any *substantive* or *independent testimonial value*."[8] (Emphasis in original.) As the Supreme Court observed in *Bridges v. Wixon, supra,* footnote 9:

> We may assume [prior inconsistent statements] would be admissible for purposes of impeachment. But they certainly would not be admissible in any criminal case as substantive evidence. (Citations omitted). So to hold would allow men to be convicted on *unsworn testimony* of witnesses—a practice which runs counter to the notions of fairness on which our legal system is founded. (Footnotes omitted; emphasis supplied).

An exception to the orthodox rule has been carved out by the Second Circuit in *United States v. DeSisto,* 329 F.2d 929 (1964), in which Judge Friendly, observing that "we do not think the Supreme Court [in Bridges v. Wixon] meant to require rigid adherence to the much criticized orthodox rule in the situation here presented,"[9] allowed the substantive use of prior inconsistent *sworn testimony* before a grand jury or at a previous trial. While we express no view as to whether this circuit ought to adopt the exception in *DeSisto,* we note

that the exception is a limited one. As Judge Friendly later observed in Taylor v. Baltimore & Ohio Railroad Co., 344 F.2d 281, 283 (2d Cir. 1965):

> We went no further [in *DeSisto*] because we entertained doubts both as to whether we could, see Bridges v. Wixon, 326 U.S. 135, 153–154, 65 S.Ct. 1443, 89 L.Ed. 2013 * * * and as to whether, having in mind the ease of putting thoughts into the minds of prospective witnesses, we should.[10]

This court had occasion to consider the substantive use of prior inconsistent statements in United States v. Schwartz, 390 F.2d 1 (3d Cir. 1968), a tax evasion case. The defendant Schwartz was counsel for the corporate taxpayer. The chief government witness was one Bregman, the corporation's president, who had previously been convicted and sentenced on the same charge. Two days prior to his sentencing, in an effort to obtain a light sentence, Bregman had submitted to the trial judge a statement placing the responsibility for the illegal acts upon Schwartz and disclaiming any personal knowledge thereof. At Schwartz' trial, however, Bregman seemed to indicate that either he or one of his corporate associates was to blame, and not Schwartz. After pleading surprise, the prosecution was allowed to introduce Bregman's prior statement, and the jury was permitted to consider

---

6. The major authorities are collected in United States v. DeSisto, 329 F.2d 929, 933 (2d Cir. 1964).

7. Revised Draft of Proposed Rules of Evidence for the United States Courts and Magistrates, 51 F.R.D. 315, at 413. Rule 801 provides in part:
   "(d) * * * A statement is not hearsay if
   (1) * * * The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (i) inconsistent with his testimony * * *."

8. 3A Wigmore, Evidence § 1018(b) (Chadbourn rev. 1970). See also Bridges v. Wixon, 326 U.S. 135, 153–154, 65 S.Ct. 1443, 1452, 89 L.Ed. 2013 (1945); Benson v. United States, 402 F.2d 576 (9th

Cir. 1968); Lerma v. United States, 387 F.2d 187 (8th Cir. 1968); United States v. Crowder, 346 F.2d 1 (6th Cir. 1965); Byrd v. United States, 119 U.S.App.D.C. 360, 342 F.2d 939 (1965).; Brooks v. United States, 309 F.2d 580 (10th Cir. 1962); Valentine v. United States, 272 F.2d 777 (5th Cir. 1959).

9. 329 F.2d, at 933.

10. The holding in *DeSisto* was limited in United States v. Nuccio, 373 F.2d 168, 173 (2d Cir. 1967), in which the court upheld the refusal of the trial court to allow prior inconsistent sworn testimony as substantive evidence, since the "prior testimony was given in a different case with different parties involving different issues * * *."

it, as proof of the matters asserted therein. In its opinion denying defendant's post-trial motions,[11] the trial court reasoned that this procedure was proper under three principles "underlying the hearsay rule and the exceptions to that rule. \* \* \*"[12], (1) the principle of necessity (Bregman was apparently very ill and was somewhat rambling, evasive, and contradictory in his testimony); (2) the availability of cross-examination; and (3) certain guarantees of trustworthiness surrounding the preparation of the statement (including the facts that (a) since it was prepared by Bregman's attorney, it must have been drafted carefully, (b) Bregman admitted on the stand that he would not knowingly sign a false statement, (c) the statement was signed by Bregman and (d) his attorney must have advised him of the penalties under 18 U.S.C. § 1001 for submitting a false statement to the Government).

This court reversed. In addition to finding no adequate evidence of necessity in the record and an incomplete opportunity for cross-examination at trial, the court stated that the guarantees of trustworthiness cited by the trial court were "outweighed by the circumstances that [the statement] was made almost seven years after the events therein, in an obvious effort to obtain a light sentence, was not under oath, and there was no opportunity for cross-examination [at the time the statement was made]."[13] After discussing *DeSisto*, *Taylor* and *Nuccio* at length, the court concluded that "[e]ven if we agreed with DeSisto, which we do not decide, the circumstances here would not permit its application."[14]

11. 252 F.Supp. 866 (E.D.Pa.1966).

12. 252 F.Supp., at 868.

13. 390 F.2d, at 5–6.

14. 390 F.2d, at 6.

15. Nothing in this court's opinion in United States v. Miles, 413 F.2d 34 (3d Cir. 1969) points to the opposite conclusion.

■ In view of this court's holding in *Schwartz* and the Supreme Court's ruling in Bridges v. Wixon, we are compelled to hold that the admission of Small's statement to the jury as proof of the facts asserted therein was reversible error. Since Small was available for both direct and cross-examination, there could have been no showing of "necessity" in the usual sense, i. e., the unavailability of the witness. Other than Small's having signed the statement, none of the guarantees of trustworthiness found in *Schwartz* are present. Small was not under oath at the time he gave the statement. He was presumably not aware of the penalties for submitting a false statement. He was probably motivated at least in part by the desire to obtain lenient treatment for himself and "spread the blame" for the crime. We therefore conclude, as did the court in *Schwartz*, that, whatever the merits of *DeSisto*, its rationale cannot be applied to the instant case.[15]

■ Since there must be a new trial in this case, we ought also to observe that the prosecutor's representation in his closing argument, unsupported by any evidence in the record, that appellant had been a "fugitive for six weeks in California once he knew he was wanted for bank robbery" was clearly error and was extremely prejudicial to the defense. Such a representation ought not to be made at appellant's second trial unless, of course, the Government introduces evidence in substantiation thereof.

The judgment of the District Court will be reversed and the case remanded for a new trial.

In that case, we declined to rule on the question here presented.

If Rule 801 of the Proposed Federal Rules is ultimately adopted, this entire discussion will, of course, become completely academic. Until then, however, we are bound by our own precedent and that of the Supreme Court.