GOVERNMENT OF THE VIRGIN ISLANDS

v.

**RUPERT PONDT, Appellant**

No. 71-1395

United States Court of Appeals

Third Circuit

Argued at Charlotte Amalie, St. Thomas

January 25, 1972

Decided March 6, 1972

———

ALEXANDER A. FARRELLY, ESQ. (BIRCH, DE JONGH & FARRELLY), St. Thomas, V.I., *for appellant*

JULIO A. BRADY, ESQ., Assistant United States Attorney, St. Thomas, V.I., *for appellee*

Before SEITZ, *Chief Judge,* ALDISERT and GIBBONS, *Circuit Judges*

OPINION OF THE COURT

ALDISERT, *Circuit Judge*

In United States v. Small, 443 F.2d 497 (3d Cir. 1971), we reaffirmed the evidentiary rule in this circuit that an extrajudicial statement by a witness in a federal criminal proceeding is inadmissible as substantive evidence of the facts asserted therein. This appeal from a judgment of conviction based on a jury verdict of guilty of attempted burglary in the third degree, 14 V.I.C. §§ 331, 444, requires us to decide whether 5 V.I.C. § 932 permits use of such a statement as substantive evidence in a criminal proceeding brought by the Government of the Virgin Islands. 5 V.I.C. § 932 provides:

> Evidence of a statement which is made other than by a witness while testifying at the hearing offered to prove the truth of the matter stated is hearsay evidence and inadmissible except:
>
> (1) A statement previously made by a person who is present at the hearing and available for cross-examination with respect to the statement and its subject matter, provided the statement would be admissible if made by declarant while testifying as a witness; . . . .

At first blush, this provision would seem to justify the trial court's instruction in the instant case that the jury could properly consider both the in-court testimony and out-of-court statement of Alan Lambertis, a witness called by the prosecution. There being a major discrepancy between his statement to the police, which directly implicated appellant in the burglary attempt, and a somewhat diluted version under oath at trial, the court, on three occasions, instructed the jury that they had the right to decide

493

whether Lambertis was telling the truth at trial or at the time of the earlier statement.

Moreover, to hold the Code applicable would not run counter to the reasoning in Small because there we made reference to the proposed FEDERAL RULES OF EVIDENCE, Rule 801, which makes such a statement admissible as substantive evidence if the "declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (i) inconsistent with his testimony . . . ," 51 F.R.D. 315, 413; Small, supra, 443 F.2d at 499. Implicit in Small is the suggestion that had this rule been adopted at the time of Small's trial on a federal criminal offense, the statement could have been properly utilized.

It is, therefore, the contention of the government that in Virgin Islands criminal prosecutions the Virgin Islands Code constitutes a statutory exception to the common law rule enunciated in Small. Appellant counters with the argument that there must be an accommodation between § 932 and F.R.CR.P. 26:

Evidence.

In all trials the testimony of witnesses shall be taken orally in open court, unless otherwise provided by an act of Congress or by these rules. The admissibility of evidence and the competency and privileges of witnesses shall be governed, except when an act of Congress or these rules otherwise provide, by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience.

■ We agree that there must be an accommodation with the FEDERAL RULES OF CRIMINAL PROCEDURE because we have previously held that these rules are applicable to criminal proceedings in the District Court of the Virgin Islands. Government of the Virgin Islands v. Rivera Solis, 334 F.2d 517, 4 V.I. 615 (3d Cir. 1964).

Therefore, the resolution of the issue turns on whether § 932 may properly be considered a statutory exception

authorized by the rule as "an act of Congress." The Revised Organic Act of the Virgin Islands, July 22, 1954, Ch. 558, § 2, 68 Stat. 497, 48 U.S.C. § 1541, is an act of Congress. It provides for the creation of a legislature, 48 U.S.C. § 1405d., and sets forth legislative authority and power of the Virgin Islands, 48 U.S.C. § 1405f., an unincorporated territory of the United States. See Government of the Virgin Islands v. Rivera Solis, supra, 334 F.2d at 519–520.

■ Section 932 was not enacted by the Congress of the United States. It is not a part of the Revised Organic Act. It was enacted by the legislature of the Virgin Islands as part of a comprehensive chapter of the Virgin Islands Code concerning admissibility of evidence. Moreover, this legislature adopted "The Uniform Rules of Evidence drafted in 1953 by the National Conference of Commissioners on Uniform Statutes, with the cooperation of the American Law Institute, and approved by the American Bar Association, with a few changes necessary to conform with local conditions." Revision Note, 5 V.I.C. § 771. Accordingly, it does not qualify as an "act of Congress" exception to F.R.CR.P. 26.

We hold, therefore, that in criminal proceedings within the Virgin Islands, the admissibility of extra-judicial statements of a witness is not governed by § 932 of the Virgin Islands Code, but by "the principles of common law," as reflected in this circuit by the doctrine enunciated in Small. Accordingly, in the instant case it was error for the jury to receive the prior statement of witness Lambertis as substantive evidence of the facts asserted therein.

The judgment of conviction will be vacated and the proceedings remanded for a new trial.