GOVERNMENT OF the VIRGIN ISLANDS

v.

Allan Hensley ST. ANGE, Appellant.

No. 71-1776.

United States Court of Appeals, Third Circuit.

Submitted Jan. 27, 1972.

Decided Feb. 14, 1972.

As Amended April 19, 1972.

Albert A. Sheen, Christiansted, St. Croix, V. I., for appellant.

Joel D. Sacks, U. S. Atty., St. Thomas, V. I., for appellee.

Before SEITZ, Chief Judge, and ALDISERT and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

Appellant urges that a judgment of conviction of rape in the first degree, 14 V.I.C. § 1701(3), entered upon return of a jury's verdict, should be reversed because there was no competent corroborating evidence as required by 14 V.I.C. § 1706. He argues that a hospital report describing a smear of vaginal fluid as containing male sperm was hearsay and, therefore, inadmissible evidence. The report was introduced in the government's case during the testimony of Dr. Andre Galiber who testified that he examined the prosecutrix following the alleged attack:

> . . . I took a smear of the fluid within the vagina. I sent it to the laboratory and this was reported as containing sperm, which is the fluid that is passed by a male during the climax of intercourse.

He testified that the hospital's laboratory report was prepared by a board-certified pathologist.

The government justified its introduction on the basis of the Business Entries Section, Virgin Islands Code, 5 V.I.C. § 932(13).

We have held that evidence provisions of this code are not necessarily applicable to criminal proceedings in the District Court of the Virgin Islands. Government of Virgin Islands v. Pondt, 456 F.2d 679 (3 Cir., filed March 6, 1972).

Under the circumstances of this case the hospital report was nevertheless admissible under the federal Business Records Act, 28 U.S.C.A. § 1732. Wheeler v. United States, 93 U.S.App.D.C. 159, 211 F.2d 19 (D.C.1954), cert. denied, 347 U.S. 1019, 74 S.Ct. 876, 98 L.Ed. 1140, rehearing denied, 348 U.S. 852, 75 S.Ct. 21, 99 L.Ed. 671 (1954).

The judgment of conviction will be affirmed.