STATE of Delaware

v.

James H. HENSON, Jr.

Superior Court of Delaware,
New Castle.

April 15, 1974.

Joseph A. Hurley, Deputy Atty. Gen., Wilmington, for State.

Richard M. Baumeister and Joseph J. Farnan, Jr., Asst. Public Defenders, Wilmington, for defendant.

BALICK, Judge.

A jury found the defendant guilty of kidnapping, rape (without a recommendation of mercy), and sodomy. He has moved for a new trial on the ground that admission into evidence of a hospital record denied his state constitutional right "to meet the witnesses in their examination face to face" and federal constitutional right "to be confronted with the witnesses against him."

The hospital record reported findings of a physician who examined the victim soon after the offense. He found abrasions on the victim's neck and left breast, lacerated vagina, and bleeding hymen. The physician was not called by the State because he has permanently left the country. The State instead called another physician to define medical terms used in the hospital record.

In view of the defendant's testimony that he had been alone with the victim at the time of the offense but did not have sexual relations with her, the evidence must be considered seriously harmful to him even though I believe the verdicts would have been the same without it because of other corroboration and admissions by the defendant.

In civil actions the hospital record would be admissible as an exception to the hearsay rule. 10 Del.C. § 4310. But the defendant points out that evidence that is admissible as an exception to the hearsay rule is not necessarily admissible over objection based on the right of confrontation. The confrontation clause does not codify the hearsay rule. California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970); Dutton v. Evans, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970). Yet the right of confrontation is not absolute. Some hearsay, such as dying declarations, is admissible without confrontation. Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965).

Beyond noting that the confrontation clause and hearsay rule "are generally designed to protect similar values" and "stem from the same roots", the cases do not give a satisfactory rationale of the relationship between them or a rule that trial judges can readily use in deciding confrontation questions. See Younger, "Confrontation and Hearsay: A Look Backward, A Peek Forward," 1 Hofstra L.Rev. 32 (1973); Graham, "The Right of Confrontation and the Hearsay Rule: Sir Walter Raleigh Loses Another One," 8 Crim.L.Bull. 99 (1972). Nor have I found a controlling precedent. Salinger v. United States, 272 U.S. 542, 47 S.Ct. 173, 71 L.Ed. 398 (1926), held documentary evidence admissible, but, according to Professor Graham, 9 Alaska L.J. 3, 10, "seems based on the now repudiated equation of the confrontation clause with the hearsay rule." Government of Virgin Islands v. St. Ange, 458 F.2d 981 (3rd Cir. 1972), held per curiam that a hospital laboratory report showing that a vaginal smear taken from a rape victim contained sperm was admissible under the federal business records act, 28 U.S.C.A. § 1732, over hearsay objection, but apparently the right of confrontation was not raised.

Judge Younger suggests that the place to start looking for a rationale is Justice Harlan's concurring opinion in *Green,* where he said that the confrontation clause "simply impose[s] upon the prosecutor the duty to secure the presence in court of every available witness" (most hearsay exceptions do not require unavailability of the declarant). Using this rationale, the hospital record would be admissible in the present case. Professor Graham proposes a definition of "witnesses against" depending on the purpose of the evidence. Using this rationale, one might reason that the physician's findings were offered as corroboration, not as "direct" evidence, and he is therefore not a witness against the defendant that he is entitled to confront.

 Perhaps it is impossible to formulate a useful rule. Using Dutton v. Evans as an example, it has been suggested that just what the confrontation clause means must be resolved as questions arise in particular cases by "the experienced and informed opinion of the judges." Griswold, "The Due Process Revolution and Confrontation," 119 U. of Pa.L.Rev. 711, 729 (1971). Upon reconsideration of this case, I remain satisfied that the hospital record should have been admitted. The evidence it contains is important and reliable. It is most unlikely that cross-examination could have cast doubt on the physician's findings. In so far as it might be helpful, the prosecution afforded the next best alternative by calling another physician who was cross-examined on the relationship of the findings to the charges against the defendant.

The defendant's motion for new trial is denied.