GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff,

v.

Allan FRANCIS and Glenroy James, Defendants.

GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff,

v.

Wilbert Charles BROWN, Defendant.

GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff,

v.

Fitzroy LAKE, Defendant.

Crim. Nos. 82–22, 82–53 and 82–68.

District Court, Virgin Islands, D. St. Thomas and St. John.

May 27, 1983.

Ishmael Meyers, U.S. Atty., St. Thomas, V.I., by Terry Halpern, Asst. U.S. Atty., Charlotte Amalie, V.I., for plaintiff.

Jewel L. Cooper, St. Thomas, V.I., for defendant.

MEMORANDUM OPINION AND ORDER

O'BRIEN, District Judge.

Counsel for defendant Brown filed a Motion to Dismiss alleging violation of the District Court of the Virgin Islands Speedy

Trial Act of 1974 Plan for the Disposition of Criminal Cases (1978) (hereinafter the "1978 Plan") which is based on the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq.* (Supp.1982) (hereinafter the "Act"). Memoranda were submitted by both parties and oral argument was heard on May 5, 1982. The Court finds that Brown's rights under the Act and under the District Court of the Virgin Islands Speedy Trial Act of 1974 Plan for the Disposition of Criminal Cases (1980) (hereinafter the "Plan") were violated and, therefore, the information filed against Brown is dismissed without prejudice.[1]

## FACTS

On December 1, 1981, Brown was arrested on charges of violations of Virgin Islands criminal law, and he was released on his own recognizance. On December 16, 1981, Brown was brought before the Territorial Court, Feuerzeig, J., presiding, where he was given his advice of rights and he was remanded to the custody of the Youth Services Administration. It is alleged by defense that Brown was then transferred to the Youth Rehabilitation Center in St. Croix pending a petition filed by the Virgin Islands Department of Public Safety to transfer the matter to the District Court because Brown "required adult prosecution." Defendant's Memorandum in Support of Motion to Dismiss (hereinafter "Defendant's Memorandum") at 1. The petition was granted and Brown's case was transferred to the District Court on Febru-

ary 2, 1982. Bail was set for $1,000.00, it was posted, and Brown was released from custody. Defense counsel alleges that as of that date, Brown had spent 49 days in detention. The file transferring the case to the District Court was received by the Clerk's Office on February 11, 1982. The file was then forwarded to the U.S. Attorney's Office the following day.

On March 25, 1982, the U.S. Attorney's Office filed an information charging Brown with grand larceny, attempt, buying or receiving stolen property, possession of a firearm, assault in the third degree, and petit larceny.[2] Brown was arraigned on March 31, 1982 and the date for trial was set for May 3, 1982. On May 3, 1982, this Court granted the Government's motion to consolidate this matter with two other cases involving persons charged in the same incident.

## DISCUSSION

Defense counsel argued that a memorandum by Chief Judge Christian to the Virgin Islands Bar, dated February 18, 1982 (hereinafter the "Chief Judge's Memorandum"), reactivated the 1978 Plan which had been previously suspended.[3] Counsel further argued that the 1978 Plan is applicable to Brown because the information filed against him was filed after the date of reactivation, and, pursuant to the Chief Judge's Memorandum, the time limit as to when an information should be filed after

1. Both parties argued their respective cases based on the 1978 Plan. The 1980 Plan, however, supersedes the 1978 Plan. It basically adopts the 1979 amendments to the Act passed by Congress. All citations made to the "Plan" refer to the 1980 Plan unless otherwise specified.

2. 14 V.I.C. §§ 1083(1), 331, 2101(a), 2253(a), 297, and 1084 (1964 & Supp. 1981).

3. The Court has been unable to locate any written documents which indicate exactly when the Plan (of 1978 or 1980) or any part thereof was suspended. An inquiry to the Judicial Council of the Third Circuit also revealed no written documents regarding a suspension. The Plan provides, however:

No incidents of requests for extensions of time beyond the District's Standards have been recorded. Because of the present va-

cancy of one of the two judgeships in the district it has been the recommendation of the planning group with the concurrence of the Chief Judge, to seek a suspension of the time limits from the judicial council of the Circuit. The suspension sought is for a period of one (1) year. If the suspension is granted, it is expected that the permanent time limits would become effective July 1, 1981.

Plan at III–3 to –4. *Cf.* 18 U.S.C. § 3174(b) (Supp.1982) (suspension granted under this section will not affect time limit requirements between arrest and filing of information). Regardless of when the suspension was put into effect, for the purposes of this case, it is the Court's view that from February 18, 1982, onward, the Plan is in full effect with respect to all time limits as well as all sanctions.

arrest and the corresponding sanctions of the 1978 Plan apply. Because the information was not filed within the time limit permitted under the 1978 Plan counsel argued that in accordance with the Act and the 1978 Plan the information against Brown should be dismissed with prejudice.

The Government responded by arguing that the Act and the 1978 Plan do not apply to Virgin Islands offenses in the District Court because the Act refers specifically to federal offenses. The Government also argued that it did not question the authority of the Court to make rules in accordance with the standards of the Act, but the Court was not authorized to "adopt the mandatory dismissal of Title 18, United States Code, Section 3162 unless the Congress has conferred that power." Government's Memorandum in Opposition to Motion to Dismiss (hereinafter "Government's Memorandum") at 2. Alternatively, the Government argued that should the Court find that the Act applies, the information should be dismissed without prejudice.

## I.

## APPLICABILITY OF THE PLAN AND ACT TO TERRITORIAL OFFENSES IN THE DISTRICT COURT

The Government argues that the very language of the Act itself refers only to federal offenses. Section 3172(2) provides that the "term 'offense' means any Federal criminal offense which is in violation of any Act of Congress and is triable by any court established by Act of Congress ..." 18 U.S.C. § 3172(2) (Supp.1982).

The Plan adopts the time limits set forth in the Act to be applicable to all criminal offenses triable in the District Court which includes Virgin Islands offenses. Plan at II–1. In a footnote, it is noted:

The District Court of the Virgin Islands hereby adopts this plan in compliance with Rule 50(b) [of the Federal Rules of Criminal Procedure], thus extending all Speedy Trial Act standards to proceeding resulting from criminal offenses which are in violation of statues (sic) enacted by the Virgin Islands Legislature.

Plan at II–3. Another section of the Plan provides that because the District Court of the Virgin Islands has jurisdiction over both federal and Virgin Islands offenses,[4] it has a "very high" criminal caseload. In order to prevent procedural differences between local and federal cases, the judges chose to apply the Act to all criminal cases before it.[5]

Rule 54(a) of the Federal Rules of Criminal Procedure provides that the Federal Rules of Criminal Procedure apply to "all criminal proceedings in ... the District

---

**4.** The District Court of the Virgin Islands has original jurisdiction of all causes arising under the Constitution, treaties and laws of the United States. It has general original jurisdiction in all other causes in the Virgin Islands to the extent that exclusive jurisdiction has not been conferred on the Territorial Courts. 4 V.I.C. § 32(a) (1967). The Territorial Court has exclusive jurisdiction over all criminal cases where the maximum punishment imposed does not exceed a fine of $100.00, imprisonment of six months, or both. It shares original jurisdiction with the District Court for all crimes that carry a sentence of five years or less. 4 V.I.C. §§ 75, 76 (Supp.1981). *See also* 4 V.I.C. §§ 171–177 (1967 & Supp.1981) (jurisdiction in juvenile cases).

**5.** Under Chapter VI entitled "Recommendations for Change in Statutes, Rules, or Administrative Procedures (18 U.S.C. Sec. 3166(b)(7)(d)(e))," the Plan provides:

The District Court of the Virgin Islands, because of its territorial nature, has a very high criminal caseload. The court is one of general jurisdiction, being the trial court for both local as well as federal criminal cases. However, the Speedy Trial Act, at 17 U.S.C. 3172(2) (sic) would seem to exclude, by definition, any offenses which are in violation of statutes enacted other than by Act of Congress.

This should not be. Jurisdiction of the District Court of the Virgin Islands is the result of an Act of Congress (48 U.S.C. 1612). Likewise the Federal Rules of Criminal Procedure apply to all criminal proceedings in the District Court of the Virgin Islands (Rule 54). For the sake of harmony, the Speedy Trial Act should be fully applicable to all offenses tried in any district court created by an Act of Congress.

Criminal litigation is fairly uniform in the Virgin Islands. Therefore, there should be no cases with separate or different time limits as a matter of statutory classification. However, because of the wording of Section 3172(2), the opposite is potentially feasible. In order to prevent procedural differences

Court of the Virgin Islands . . ." Fed.R. Crim.P. 54(a) (1981).[6] More specifically, the Federal Rules of Criminal Procedure govern Virgin Islands crimes prosecuted in the District Court. *Government of the Virgin Islands v. Solis,* 334 F.2d 517, 519 (3rd Cir. 1964).[7] The District Court, by establishing and adopting the Plan, was acting pursuant to Rule 50(b) of the Federal Rules of Criminal Procedure which requires all district courts to formulate plans in accordance with the Act.[8] The applicability of the Plan by the District Court to Virgin Islands offenses brought before this Court is permitted under Rule 54(a) and *Solis.*[9] This Court, therefore, holds that, notwithstanding the Act's definition of "offense" as "any Federal criminal offense," the Act and Plan are applicable to all Virgin Islands offenses brought before the District Court.

The Government, while acknowledging that the Court may promulgate rules in accordance with the standards of the Act,

questions the Court's authority to impose sanctions. The Government argued that the dismissal sanction had not been conferred on cases involving territorial offenses.

The Virgin Islands' Plan was prepared in accordance with the Act. The goals of the Plan, which parallel the goals of the Act, are, in pertinent part:

> As required by [18 U.S.C. § 3165(b)], the planning and implementation process seeks to accelerate the disposition of criminal cases consistent with the time standards in the statute and the objectives of effective law enforcement, fairness to accused persons, efficient judical (sic) administration, and increased knowledge concerning the proper functioning of the criminal law.

Plan at I–1. Sanctions are needed for the efficient judicial administration of the Plan. To establish rules or court procedure with no means of implementing or enforcing the

---

between local and federal cases, the judges of this district have chose (sic) to make the statutory time limits applicable to all criminal cases before the court.
Plan at VI–1 to –2.

**6.** *See also* 5 V.I.C. § 3501 (1967) (Virgin Islands statute applying Federal Rules of Criminal Procedure to actions in the District and Territorial Courts for offenses against both the laws of the Virgin Islands and United States unless a different procedure is required under United States law).

**7.** In this case, the Government argued that a U.S. Supreme Court interpretation of a federal rule was not binding in a case involving a Virgin Islands crime. The Third Circuit stated:
Considerations of logic and policy underlie the requirement that the Federal Rules be applied to all criminal proceedings in the District Court of the Virgin Islands, whether the crime is proscribed by local or Federal law. Certainly, the legislature of the Virgin Islands has authority to define and proscribe criminal offenses. But it must be remembered that the Virgin Islands are an unincorporated territory of the United States . . . and the powers of its government are derived from and set forth in the Revised Organic Act of 1954, a Congressional enactment, 48 U.S.C. § 1541 (1958 ed.). Thus, those principles inherent in our Federal system requiring due regard for the procedural safeguards devised by an independent sovereign state government are wholly irrelevant to the formulation

and application of proper procedural standards to be applied "to all criminal proceedings in . . . the District Court of the Virgin Islands." Rule 54(a), Fed.R.Crim.P.
334 F.2d at 519–20.

**8.** Fed.R.Crim.P. 50(b) (1981) provides:
To minimize undue delay and to further the prompt disposition of criminal cases, each district court shall conduct a continuing study of the administration of criminal justice in the district court and before [U.S.] magistrates of the district and shall prepare plans for the prompt disposition of criminal cases in accordance with the provisions of Chapter 208 of Title 18, United States Code [the Speedy Trial Act].
*See also* 5 V.I.C. App. II R 50(b) (Supp.1980) (identical to Fed.R.Crim.P. 50(b)).

**9.** The District Court judge is also authorized to make rules of practice and procedure so long as the rules are not inconsistent with law or ordinance. 48 U.S.C. § 1405z (1952). *See also* Fed.R.Crim.P. 54 advisory committee note 8 (1981). The Court has found no law which is inconsistent with the District Court's adoption of the Plan to Virgin Islands offenses heard in the District Court. *Contra Government of the Virgin Islands v. Albert John Quetel,* Crim.No. F40–1980 (Terr.Ct.St.T. & St.J., February 28, 1982) Hodge, C.J. (exclusive applicability of the Act and Plan to federal offenses constituted "contrary law," the court holding the Act and Plan inapplicable to Virgin Islands offenses heard in Territorial Court).

rules would make the Plan meaningless and frustrate the purpose of the Act and Plan.

Moreover, § 3166 of the Act, in detailing what should be included in each District plan, provides that each plan shall include information regarding the implementation of the time limits and other objectives including the invocation of sanctions for noncompliance.[10]

The Federal Rules of Criminal Procedure permit the application of the Act to Virgin Islands offenses in the District Court Rule 50(b) of the Federal Rules of Criminal Procedure and § 3165(a) of the Act[11] require the preparation of plans to accelerate the disposition of criminal cases in the District Court. Section 3166(b)(3) of the Act also requires that information about sanctions to be used to implement objectives, such as the time limits, be included in each plan. The Court, which is permitted by the Federal Rules of Criminal Procedure and, hence, the Act to prepare a plan, also by those same sources has the authority to adopt the sanctions provided by the Act.[12]

## II.

### APPLICABILITY OF THE CHIEF JUDGE'S MEMORANDUM REACTIVATING THE PLAN IN THE DISTRICT COURT

Chief Judge Christian's Memorandum to the Virgin Islands Bar dated February 18, 1982, provides as follows:

All are advised that the period during which this Court was relieved from the sanctions of the "Speedy Trial Act" has expired. To the end that there be orderly administration of the Act, it is hereby made known that from and after the date hereof, all persons arrested or charged with criminal offenses cognizable in the District Court of the Virgin Islands are entitled to full benefits of the "Speedy Trial Act." The prescribed periods of limitation and all sanctions are now in full force and effect.

Brown was officially charged within the jurisdiction of the District Court when the information was filed with the Court on March 25, 1982. Because Brown was charged after the Plan was reactivated, he is entitled to the "full benefits of the 'Speedy Trial Act.'" The Plan provides that no more than 30 days shall pass from the time of arrest until the filing of the information.[13]

The issue then becomes at what point was Brown arrested for the purposes of the Plan. Brown was arrested on December 1, 1981 and initially brought before the Territorial Court. Until the case was transferred to the District Court, jurisdiction was retained by the Territorial Court. The "date of arrest," then, becomes the date that the case came under District Court jurisdiction which was February 11,

10. Section 3166(b)(3) provides that "[e]ach plan shall include information concerning the implementation of the time limits and other objectives of this chapter, including: (3) the incidence of, and reasons for, the invocation of sanctions for noncompliance with time standards, or the failure to invoke such sanctions, and the nature of the sanction, if any invoked for noncompliance ..." 18 U.S.C. § 3166(b) (Supp.1982).

11. Section 3165(a) provides, in pertinent part: Each district court shall conduct a continuing study of the administration of criminal justice in the district court and before the United States magistrates of the district and shall prepare plans for the disposition of criminal cases in accordance with this chapter. Each such plan shall be formulated after consultation with, and after considering the recommendations of, the Federal Judicial Center

and the planning group established for that district pursuant to section 3168. 18 U.S.C. § 3165(a) (Supp.1982).

12. It is noted that pursuant to Rule 48(b) of the Federal Rules of Criminal Procedure, the District Court may dismiss any information for "unnecessary delay" in filing an information against a defendant. Fed.R.Crim.P. 48(b) (1981).

13. Chapter II, section 3(a) of the Plan provides that "[i]f an individual is arrested or served with a summons and the complaint charges an offense to be prosecuted in this district, any ... information subsequently filed in connection with such charge shall be filed within 30 days of arrest or service [§ 3161(b)]." Plan at II–2. Section 3161(b) is the corresponding provision under the Act.

1982, the date of the filing of the case in District Court.[14]

As of that date, however, the Plan was still suspended and, in this case, the Court will not penalize the Government for failure to act prior to February 18, 1982, when there was no notice about the reactivation to the Bar.[15] The Court also notes that there was some confusion regarding the Chief Judge's Memorandum when it was released. For the purposes of determining the time period between arrest and the filing of the information pursuant to the Plan, the date of arrest is deemed to be February 18, 1982, the date of the Chief Judge's Memorandum. Thirty five days had lapsed between the "date of arrest" and the filing of the information, in violation of the 30 day limit.[16] The Government failed to comply with the Act and Plan, and, therefore, Brown's rights under the Act and Plan were violated.

## III.

### SANCTIONS: DISMISSAL WITH OR WITHOUT PREJUDICE

This Court, under the Plan, may dismiss the information against Brown for failure to comply with the time limits.[17] Dismissal may be with or without prejudice. Section 3162(a)(1) of the Act provides:

If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no ... infor-

mation is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped. In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

18 U.S.C. § 3162(a)(1) (Supp.1982).

The offenses involved, as admitted by the defense, are serious. The delay of three days, however, is not correspondingly serious to require a dismissal with prejudice. Moreover, as previously mentioned, there was some confusion regarding the Chief Judge's Memorandum expressed by members of the Bar, and it also may have influenced the actions of the Government in prosecuting this case.

■ Defense counsel also claimed that because of the 49 day detention, defendant has lost his job, and, because of "lack of purposeful activity" on the part of the Government, defendant spent the Christmas holidays and a full month thereafter incarcerated. Defendant's Memorandum at 6. At the time of the detention, defendant

**14.** It is noted that pursuant to 18 U.S.C. § 3161(h)(1), the Court can exclude from computation any period of delay resulting from other proceedings involving the defendant. Jurisdiction of a case in Territorial Court could be categorized as "other proceedings."

**15.** 18 U.S.C. § 3174(b) provides that in suspensions granted under this section, the 30 day limit for filing the information following arrest and the corresponding sanctions were not suspended. It is unknown whether the suspension of the Act and Plan was granted based on this section. *See* n. 3, *supra.* The Court, therefore, will not address this issue.

**16.** The filing was actually three days late, since the 30th day fell on a Saturday. *See* Fed.R. Crim.P. 45(a) (1981).

**17.** Chapter II, section 10(a) of the Plan provides:

Failure to comply with the requirements of Title I of the Speedy Trial Act may entitle the defendant to dismissal of the charges against him or to release from pretrial custody. Nothing in this plan shall be construed to require that a case be dismissed or a defendant released from custody in circumstances in which such action would not be required by 18 U.S.C. §§ 3162 and 3164.

Plan at II–16 (footnote omitted). Although the word "may" is used the sanction was intended to be mandatory once § 3162 came into effect. Plan at VI–5. *See also United States v. Gilliss,* 645 F.2d 1269, 1275 n. 10 (8th Cir.1981) (in case where language of District Court plan regarding sanctions was similar to the Virgin Islands Plan, mandatory dismissal of indictment became effective when § 3162 came into effect).

was not within the jurisdiction of the District Court. At all times that defendant was within the jurisdiction of the District Court, he was not in custody. The only delay pertinent to the Act in this matter is the three day delay in the filing of the information. Nothing was presented to this Court to indicate that the Government's failure to timely file the information was more than mere negligence. There is, therefore, little or no adverse impact on the administration of the Act or on the administration of justice should Brown be reprosecuted. *See United States v. Carreon,* 626 F.2d 528, 531–34 (7th Cir.1980). The Court is of the opinion that dismissal without prejudice is the appropriate sanction to apply.